UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-252-GWU

MARILYN M. COLLINS, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Marilyn Collins brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

07-252 Marilyn M. Collins

> Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

07-252  Marilyn M. Collins

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

07-252 Marilyn M. Collins

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

07-252  Marilyn M. Collins

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Collins, a 37-year-old former packer, assistant manager, cashier, cook, and deli worker with a "limited" education, suffered from impairments related to osteoarthritis of the right hip, being status post right hip replacement and degenerative disease of the lumbar spine. (Tr. 17, 20). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 18-19). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 20-21). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security

benefits.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far such relief is achieved, and deny that of the defendant.

The hypothetical question presented to Vocational Expert James Miller included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders; (2) an inability to more than occasionally climb stairs, crouch or crawl; and (3) the need for a sit/stand option in 45-minute intervals.  (Tr. 318).  In response, the witness identified a significant number of jobs which could still be performed. (Id.).  The ALJ relied upon this testimony to support the administrative decision.  (Tr. 20).

More severe restrictions than those presented to the vocational expert were reported by Dr. Jean-Maurice Page, Collins's treating orthopedic surgeon who performed her hip replacement surgery.  In March of 2005, shortly after the surgery, Dr. Page opined that, following a total hip replacement, a patient should not perform such activities as stooping, squatting, bending, or crawling.  (Tr. 168).  The doctor indicated that the claimant should be restricted to sedentary or semi-sedentary type jobs and should never stand for prolonged time periods or walk long distances.  (Tr. 168).  These were described as <u>permanent</u> restrictions.  (Id.).  Dr. Page was the only treating or examining source to address the issue of work limitations.

The ALJ rejected Dr. Page's restrictions as binding. (Tr. 19). The ALJ based this opinion on the fact that the limitations were issued the same month as her

surgery and later treatment records indicated that she had improved significantly. (Id.). The doctor cited treatment notes revealing that in June of 2005, her leg swelling was decreased and an October, 2005 statement from the physician noted that she had no complaints of hip pain. (Tr. 18-19). However, these findings are not necessarily incompatible with the permanent restrictions Dr. Page had previously issued. Perhaps her problems were reduced as a result of adherence to the physician's functional limitations. Dr. Page was not just a treating source, but a specialist in orthopedic surgery. The administrative regulations state that "generally we give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5). Therefore, the court finds that the ALJ did not cite sufficient reasons to reject the findings of Dr. Page.

Dr. David Swan, an examining consultant, limited Collins to light level work restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds and an inability to ever crouch. (Tr. 181-189). The inability to ever crouch is a more severe limitation than that found by the ALJ and presented in the hypothetical question as well. Social Security Ruling 85-15 states that an ability to at least occasionally crouch is required in most light and sedentary occupations. Thus, this is a significant restriction and the ALJ's findings are also inconsistent with the opinion of Dr. Swan.

07-252 Marilyn M. Collins

Furthermore, the ALJ did not cite any reasons for rejecting Dr. Swan's opinion nor did she even mention it in her denial decision. (Tr. 15-21). While the opinions of state agency reviewers are not binding on the administration, the administrative regulations recognize that these sources are highly qualified experts in the area of disability determination and provide that their opinions must be considered. 20 C.F.R. § 404.1527(f)(2)(i).

> Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for the opinions from treating sources, nontreating sources and other nonexamining sources who do not work for us.

20 C.F.R. § 404.1527(f)(2)(ii). As previously noted, the ALJ did not give controlling weight to the opinion of the treating physician and, so, she should have addressed Dr. Swan's findings in her decision.

The ALJ's findings were consistent with the limitations noted in a Residual Functional Capacity Assessment form dated March 3, 2005. (Tr. 172-180). The signature is illegible (Tr. 179-180) and does not appear to be that of a licensed medical professional who would qualify as an "acceptable medical source" since the Disability Determination and Transmittal of March 4, 2005 does not list a physician or medical specialist as completing this report (Tr. 40).[1] Thus, this opinion would

---

[1] The Disability Determination and Transmittal of May 10, 2005 lists Dr. Swan as having completed the April 29, 2005 assessment. (Tr. 41).

10

07-252 Marilyn M. Collins

be insufficient to support the denial decision. Even if this were the opinion of a medical professional, he would not have had the opportunity to see and comment upon most of the medical evidence, including the report from Dr. Page citing his restrictions which was dated March 31, 2005. (Tr. 168). Since the reviewer would not have been able to see and comment upon the bulk of the medical record, the ALJ could not rely upon his opinion to offset that of an examining source. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Therefore, for all of these reasons, further consideration of this action is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 14th day of May, 2008.



Signed By:
G. Wix Unthank
United States Senior Judge